Judge: Honorable Brian D Lynch
Chapter: 7
Hearing Location: Courtroom I,
Tacoma Federal Courthouse Union Station 1717 Pacific Avenue
Tacoma, WA 98402-3233
Hearing Date: July 17, 2023
Hearing Time: 9:00 a.m.
Response Date: July 10, 2023

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

In re:

Brandon Nathaniel Mosby,
    Debtor.

Case No.: 23-40607-BDL

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

TO:    Clerk of the U.S. Bankruptcy Court,
        Brandon Nathaniel Mosby, Debtor
        Ellen Ann Brown, Attorney for Debtor
        Mark D Waldron, Trustee
        U.S. Trustee

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Toyota Lease Trust ("Movant") has filed the attached Motion for Relief from the Automatic Stay ("Motion") in the above-entitled and numbered Chapter 7 case filed on April 13, 2023, by Brandon Nathaniel Mosby (the "Debtor") regarding the personal property described as a 2020 Toyota Camry Hybrid LE CVT, VIN: 4T1C31AK8LU533720 (the "Vehicle").

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTORY STATEMENT

Movant requests the Court to grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, as there is a contractual default of four (4) payments (January 15, 2023 to April 15, 2023). In addition, the nature of Debtor's interest in the Vehicle is that of lessee; Debtor

does not own the Vehicle. Finally, the Chapter 7 Trustee docketed his 'no asset report' on May 16, 2023, and so the Vehicle will not be liquidated for the estate. As such, cause exists to terminate the automatic stay.

## II.

## STATEMENT OF THE FACTS

1. **The Property at Issue.** The description of the personal property collateral that is the subject of this Motion is a 2020 Toyota Camry Hybrid LE CVT, VIN: 4T1C31AK8LU533720 (the "Vehicle").

2. **Nature of Debtor's Interest in the Vehicle.** On or about December 4, 2020, Brandon N Mosby (hereinafter, "Debtor") executed and delivered a Closed-End Motor Vehicle Lease Agreement Washington to MN II, Inc. ("Lessor") in exchange for a vehicle lease with a Lease Term of thirty-six (36) months (the "Lease Agreement") with respect to the Vehicle, which was assigned to Movant. Debtor promised to pay thirty-six (36) consecutive monthly payments of $442.42 for a total of $15,927.12. A copy of the Lease Agreement is attached hereto as **Exhibit "A"**. Debtor is the registered owner of record of the Vehicle. Movant is the legal owner of record for the Vehicle as evidenced by the Certificate of Title issued December 22, 2020 ("Title"). A copy of the Title is attached hereto as **Exhibit "B"**.

3. **Amount of Movant's Claim.** As of May 3, 2023, the total debt or value with respect to the Lease Agreement Movant is approximately $20,784.19, consisting of a principal balance and accrued unpaid interest of $20,670.28 and late charges of $113.91.

4. **Status of Movant's Claim.** The current monthly payment amount is $440.01. there is a contractual default of four (4) payments (January 15, 2023 to April 15, 2023) and the total arrearage is approximately $1,873.95.

5. **The Fair Market Value of the Vehicle.** Movant determined that the clean retail value of the Vehicle, as of May 3, 2023, was $28,675.00 based on the J.D. Power Used CarGuide's valuation report (the "Valuation"). A copy of the Valuation is attached hereto as **Exhibit "C"**.

## III.

## GROUNDS FOR RELIEF FROM STAY

**Pursuant to 11 U.S.C. § 362(d)(1) for cause:** The evidence establishes there is a contractual default of four (4) payments (January 15, 2023 to April 15, 2023). In addition, the nature of Debtor's interest in the Vehicle is that of lessee; Debtor does not own the Vehicle. Finally, the Chapter 7 Trustee docketed his 'no asset report' on May 16, 2023, and so the Vehicle will not be liquidated for the estate. As such, cause exists to terminate the automatic stay.

## IV.

## CONCLUSION

Based upon the foregoing grounds and the evidence set forth, the Court should grant Movant's Motion for Relief from the Automatic Stay to allow Movant to proceed under applicable non-bankruptcy law to enforce its remedies against the Vehicle, that the Order be binding and effective despite any conversion of this bankruptcy case to a case under any chapter of Title 11 of the United States Code, and that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

Dated: June 21, 2023                                            McCalla Raymer Leibert Pierce, LLP

By: */s/Dane Exnowski*
Dane Exnowski, SBN 56057
301 E. Ocean Boulevard
Suite 1720
Long Beach, CA 90802
Phone: 562 661 5060
Email: Dane.Exnowski@mccalla.com
Attorney for Movant